**Affirmed and Plurality, Concurring, and Dissenting Opinions filed December 31, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00685-CV

## HIGHTOWER, RUSSO & CAPELLAN, Appellant

## V.

## IRESON, WEIZEL & HIGHTOWER, P.C., Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-80230**

## D I S S E N T I N G   O P I N I O N

In the often-quoted maxim attributed to Abraham Lincoln, "A lawyer's time and advice are his stock in trade."[1] Here, the client received a favorable settlement as a result of the time and advice provided by the attorneys employed successively by two law firms. Although the evidence is uncontroverted that the attorneys' time spent in working on the case was divided equally between the two firms, the trial

---
[1] Attributed to Abraham Lincoln, OXFORD DICTIONARY OF AMERICAN LEGAL QUOTATIONS 257 (Fred R. Shapiro ed. 1993).

court apportioned the legal fees to award one firm nearly seven times the amount awarded to the other firm. Because the majority affirms this result, which I believe is contrary to the overwhelming weight of the evidence concerning the division of the attorneys' time, I respectfully dissent.

The majority fails to analyze the "reasonable value of legal services" provided by the Hightower firm under the factors established by the Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). There the court held that the factors to consider when determining the reasonableness of an attorney's fee include the following:

(1)   the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2)   the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)   the fee customarily charged in the locality for similar legal services;

(4)   the amount involved and the results obtained;

(5)   the time limitations imposed by the client or by the circumstances;

(6)   the nature and length of the professional relationship with the client;

(7)   the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)   whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Because the total fee is undisputed, factors 4 and 8 are not at issue. Factors 2, 3, 5, 6, and 7 are the same for both firms because the same lawyers were doing the work. This left only factor 1 for the trial court to consider.

The only testimony at trial came from Hightower and Mutchler. Mutchler testified that fifty percent of their time was spent at each firm. There was no

testimony from the Ireson firm as to the reasonableness of splitting the fee in the manner adopted by the trial judge and affirmed by the majority. There also is no evidence that the novelty and difficulty of the questions involved in the case were different at the two firms, or that the attorneys rendered more skillful representation while employed by one of the firms.

We are left, then, with the question of time, and on that issue, there *is* no question of fact. The undisputed evidence is that during fifty percent of the time that the attorneys worked on the case, they were employed by the Ireson firm, and fifty percent of the time they were employed by the Hightower firm.

I therefore would conclude that the trial court's finding that $7,446.15 is the reasonable value of the Hightower firm's services is against the overwhelming weight of the evidence. Because the majority upholds the trial court's judgment based on that finding, I respectfully dissent.

/s/ Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan. (Donovan, J., plurality). (Frost, C.J., concurring).